IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANSON MARKWELL, as Trustee for the AMARK INVESTMENT TRUST <br><br> v. <br><br> EQUITYBUILD, INC. D/B/A EB EQUITYBUILD CAPITAL, INC.; HARD MONEY COMPANY, LLC D/B/A VENTURE HARD MONEY CAPITAL, LLC; EQUITYBUILD FINANCE, LLC; JERRY H. COHEN; SHAUN D. COHEN; SSDF4 6250 S. MOZART, LLC; SSDF4 638 N AVERS, LLC; SSDF4 701 5TH, LLC; SSDF4 7024 S. PAXTON, LLC; SSDF4 7255 S. ELUCID, LLC; SSDF5 PORTFOLIO 1, LLC; SSDF7 PORTFOLIO 1, LLC; 4533-37 S. CALUMET, LLC; 6437 S. KENWOOD, LLC; 7026 CORNELL, INC.; 7109 S. CALUMET, LLC; 8100 S. ESSEX, LLC; EB SOUTH CHICAGO 4, LLC; AND SSPH PORTFOLIO 1, LLC | Case No. 4:18-cv-01274 |

**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND MOTION FOR EXPEDITED HEARING**

TO THE HONORABLE CHIEF UNITED STATES DISTRICT JUDGE LEE H. ROSENTHAL:

NOW COMES Plaintiff Anson Markwell, as Trustee for the AMark Investment Trust (collectively, "AMark"), complaining of Defendants EquityBuild, Inc. d/b/a EB EquityBuild Capital, Inc.; Hard Money Company, LLC d/b/a Venture Hard Money Capital, LLC; EquityBuild Finance, LLC; Jerry H. Cohen; Shaun D. Cohen; SSDF4 6250 S. Mozart, LLC; SSDF4 638 N Avers, LLC; SSDF4 701 5TH, LLC; SSDF4 7024 S. Paxton, LLC; SSDF4 7255 S. Elucid, LLC; SSDF5 Portfolio 1, LLC; SSDF7 Portfolio 1, LLC; 4533-37 S. Calumet, LLC; 6437 S. Kenwood, LLC; 7026 Cornell, Inc.; 7026 S. Calumet, LLC; 8100 S. Essex, LLC; EB South Chicago 4, LLC;

and SSPH Portfolio 1, LLC, and files this Application for Temporary Restraining Order and Motion for Expedited Hearing (the "Application"), and in support thereof would respectfully show the Court the following:

## I. FACTUAL BACKGROUND

1. As further detailed within AMark's First Amended Complaint, this lawsuit surrounds the misappropriation of AMark's loaned funds and the transfer of various real property parcels against the interest of AMark. The lawsuit arises from numerous transactions, transfers, and other improper actions by the various defendants and involved a number of properties. In support of this Application, attached hereto as Exhibit "A" and incorporated by reference is the affidavit of Anson Markwell, as Trustee of the AMark Investment Trust.

**AMARK'S LOAN ON THE HOUSTON PROPERTY**

2. This Application focuses on an investment by AMark in a single property commonly known as 1102 Bingham Street, Houston, Texas 77007 ("Houston Property"). In this transaction, Hard Money pooled money together from other lenders, then acted as servicer and agent of a loan from the lenders (including AMark) to EB Capital. EB Capital used the loan proceeds to acquire the Houston Property, and in exchange, executed a promissory note to Hard Money, as servicer and agent for all lenders (including AMark), which was secured by a Deed of Trust to the Houston Property.

3. On March 20, 2014, AMark and Hard Money mutually executed a Collateral Agency and Servicing Agreement (the "Houston Servicing Agreement"), a true and correct copy of which is attached hereto and incorporated herein for all purposes as Exhibit "A-1." As a result of the resulting agent-principal relationship, Hard Money owed AMark fiduciary duties as

AMark's agent to act solely in the best interest of AMark, as well as fulfill all duties and obligations as AMark's agent and fiduciary with regard to the Houston Property.

4. Pursuant to the terms of the Houston Servicing Agreement, AMark loaned the sum of $125,000.00 to be used as part of the funds that would finance the purchase of the Houston Property.

5. On April 1, 2014, EB Capital and Hard Money executed a promissory note (the "Houston Promissory Note") in the amount of $1,663,053.00, a true and correct copy of which is attached hereto and incorporated herein for all purposes as Exhibit "A-2."

6. Pursuant to the terms of the Houston Promissory Note, Hard Money pooled AMark's loaned funds with $1,538,053.00 in additional funds from other lenders and loaned EB Capital the amount of $1,663,053.00, which EB Capital purported to use to purchase the Houston Property and develop the Houston Property.

**RELEASE OF AMARK'S LIEN ON THE HOUSTON PROPERTY**

7. On June 27, 2018, AMark became aware of various Partial Release of Liens ("Releases") that were filed by Hard Money on behalf of various Lenders related to the Houston Property during a search of the Harris County Real Property Records. Several Releases were anticipated to be filed due to the fact that the parties had been engaged in discussions surrounding the current status of the Houston Property and EB Capital and Hard Money had indicated that some Releases would be filed to properly reflect the current interest of the various lenders on the Houston Property. However, one of the Releases that was prepared, executed, notarized, and recorded sought to release all of AMark's interest in the Houston Property ("AMark Release"). A true and correct copy of the release filed relating to AMark's interest is attached hereto and incorporated herein for all purposes as Exhibit "A-3."

8. After receiving notice of the filing of the AMark Release, the undersigned immediately contacted Defendants' counsel regarding the filing of the AMark Release and the reasoning behind such filing. Defendants' counsel responded to this inquiry and advised that the filing of the AMark Release was not intended to prejudice AMark's rights and was filed in an effort "to move investors off of the Houston Property to make room for a settlement" with AMark that was being discussed and evaluated. Defendants' counsel further assured AMark's counsel that if AMark would like the lien to remain in place, Defendants would be willing to void the AMark Release.

9. Upon receipt of this communication from Defendants' counsel, AMark promptly prepared an Agreed Order Granting Declaratory Relief and a Correction Deed seeking to remedy this improper filing and to preserve the perfection and priority of AMark's lien that was inadvertently released. In response to this proposal to remedy the filing of the AMark Release, Defendants' counsel responded to our email assuring us that the AMark Release was the result of an accident by Defendants' attorney, not an error by the Defendants. This representation contradicted the prior representations made regarding the reason for the AMark Release.

10. Regardless of the reason the AMark Release was signed and filed, it has become clear that the Defendants are not taking this matter seriously as they continue to take actions with respect to AMark's interest in the Houston Property and on its behalf. Moreover, they continue to contact AMark and seek to explain the reason for these actions as well as the financial difficulties they are experiencing. A true and correct copy of the most recent communication received from Defendant EB Capital seeking to explain its actions is attached hereto and incorporated by reference as Exhibit "A-4." As of the filing of this Application, AMark has not yet been able to resolve this discrepancy by agreement with Defendants.

11. AMark sought injunctive relief in its First Amended Complaint; however, it did not seek a temporary restraining order as it did not believe such relief was necessary at the time it was filed and it believed the Defendants would refrain from taking action with regard to the disposition of the Houston Property or the release of AMark's liens on the same. Based upon the above detailed actions by Defendants, AMark was compelled to pursue the relief sought in this Application and is seeking the same be heard on an expedited basis to prevent further harm.

## II. DECLARATORY JUDGMENT & TEMPORARY RESTRAINING ORDER

12. AMark incorporates all previous and subsequent paragraphs of this petition herein by reference.

13. AMark seeks to have a declaratory judgment entered confirming that (i) the AMark Release is declared void *ab initio*; (ii) that AMark's lien and security interest in the Houston Property is hereby confirmed, reinstated, declared as valid from its initial date of filing as reflected in the original Deed of Trust; and (iii) that a certified copy of the Order declaring the foregoing be promptly filed in Harris County Real Property Records as supported by an affidavit of AMark's counsel.

14. Further and as set forth in detail above, AMark seeks injunctive relief enjoining Defendants from taking any actions on behalf of AMark.

15. A court sitting in diversity jurisdiction must applies state law to the substantive claims and causes of action. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under Texas law, injunctive relief may be granted upon a showing of the following: (1) a cause of action against defendant; (2) a probable right to the relief sought; (3) a probable, imminent, and irreparable injury in the interim; and (4) the absence of an adequate legal remedy at law. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002).

16. The probable injury element requires a showing that the harm is imminent, the injury would be irreparable, and that the plaintiff has no other adequate legal remedy. *Harbor Perfusion, Inc. v. Floyd*, 45 S.W.3d 713, 716 (Tex. App.—Corpus Christi 2001, no pet.). For a legal remedy to be adequate, it must give the plaintiff complete, final, and equal relief. *See Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 577 (Tex. App.—Austin 2000, no pet.); *Henderson v. KRTS, Inc.*, 822 S.W.2d 769, 773 (Tex. App.—Houston [1st Dist.] 1992, no writ). For the purposes of injunctive relief, if damages cannot be calculated, or if the defendant will be unable to pay damages, there is no adequate remedy at law. *Texas Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529, 533 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Surko Enters., Inc. v. Borg-Warner Acceptance Corp.*, 782 S.W.2d 223, 225 (Tex. App.—Houston [1st Dist.] 1989, no writ).

17. As set forth in great detail above and in First Amended Complaint, AMark has established its causes of action and its probable right to prevail on its respective claims for damages. *See Camp v. Shannon*, 348 S.W.2d 517 (Tex. 1961); *T.N.T. Motorsports, Inc. v. Hennessey Motorsports, Inc.*, 965 S.W.2d 18, 23-24 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd).

18. Further, Defendants' own actions unequivocally establish the existence of a substantial threat of imminent harm and irreparable injury. Defendants have made abundantly clear their intention to disregard their fiduciary duties and freely transfer and modify the lien rights of AMark as to the Houston Property. Thus, injunctive relief is clearly necessary in this situation to preserve AMark's status and to enable it to pursue its legal rights. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (holding that the trial court may grant temporary injunctive relief to preserve status quo even though the cause of action is for damages resulting from breach of

contract and does not request equitable relief). Thus, this Court's granting of injunctive relief is warranted and necessary. Fed. R. Civ. P. 65; *Liberty Mut. Ins. Co. v. Mustang Tractor & Equip. Co.*, 812, S.W.2d 663, 666 (Tex. App.—Houston [14th Dist.] 1991, no writ) (holding that "[b]usiness disruptions…have been found previously to be the very type of harm for which temporary injunction can issue").

19. Additionally, AMark has no adequate remedy at law if the Houston Property is transferred, sold, or AMark's lien interest is released without its knowledge or consent since, based upon information and belief, Defendants appear to be headed toward insolvency and unlikely to be able to satisfy any award of damages already caused and threatened to be caused by Defendants' unlawful conduct. *See GTE Mobilnet of South Texas, LP v. Cellular Max, Inc.*, 123 S.W.3d 801 (Tex. App.—Beaumont 2003, pet. dism'd). AMark is willing to post a bond to secure the relief sought in this Application.

### III. MOTION FOR EXPEDITED HEARING

20. Due to the imminent nature of the irreparable injury, an emergency hearing is requested, such that the Temporary Restraining Order may immediately issue. Pursuant to the Paragraph 16 of the Court's Procedures, Matthew B. Fronda, a young lawyer with three (3) years of experience that substantially prepared this Motion will present and argue this Motion to the Court. Either Alan Padfield or George Pence, both senior attorneys, will attend the hearing as well to provide any necessary assistance.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, AMark prays an order entered against Defendants awarding the following relief:

1. That the AMark Release, which has been recorded in Harris County Real Property Records as Document # RP-2018-283280, be DECLARED VOID AB INITIO;

2. That AMark's lien and security interest in the Real Property be confirmed and declared as valid from its initial date of filing as reflected in underlying Deed of Trust;

3. That to effectuate the terms of the resulting order, a certified copy of the order and its exhibits be ordered to be promptly be filed in Harris County Real Property Records, accompanied by an original affidavit executed by Plaintiff's counsel;

4. That a preliminary injunction be immediately set for hearing and entered to effectuate the relief sought in this Application on an extended basis, pending resolution of Plaintiff's claims; and

5. That Defendants Hard Money, EB Capital, Shaun Cohen, Jerry Cohen, and EquityBuild Finance, LLC be prohibited from taking any further actions on behalf of or as an agent for AMark including, but not limited to, any action as to the Houston Property.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
421 W. Third Street, Suite 910
Fort Worth, Texas 76102
(817) 338-1616


/s/ Matthew B. Fronda
Alan B. Padfield
State Bar I.D. #00784712
abp@padfieldstout.com
George A. Pence
State Bar I.D. #00798424
gap@pencelawfirm.com
Matthew B. Fronda
State Bar I.D. #24086264
mfronda@padfieldstout.com

*Attorneys for Plaintiff*


## CERTIFICATE OF CONFERENCE

This is to certify that on June 27, 2018 and June 28, 2018, I exchanged multiple emails with Jason Kraus, counsel for Defendants, regarding the merits of this Motion and we were unable to reach a resolution regarding the same.


/s/ Alan B. Padfield
Alan B. Padfield


## CERTIFICATE OF SERVICE

This is to certify that on June 28, 2018, I forwarded a true and correct copy of this Application for Temporary Restraining Order and Motion for Expedited Hearing to Defendants, by and through their attorney of record, Jason Kraus, via email and/or ECF service.


/s/ Alan B. Padfield
Alan B. Padfield