United States District Court
Southern District of Texas
**ENTERED**
July 30, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANSON MARKWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-1274 |
| | § | |
| EQUITYBUILD, INC. D/B/A EQUITYBUILD CAPITAL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

The court remanded this case based on a lack of diversity jurisdiction because Anson Markwell, the plaintiff, is a Texas citizen, and several of the defendants, limited liability companies to which Equitybuild allegedly fraudulently transferred properties, are Texas citizens. (Docket Entry No. 43). Before the court remanded the case, the LLC defendants moved to dismiss for lack of personal jurisdiction. (Docket Entry No. 42). The defendants moved for reconsideration of the remand order, asking the court to reserve determination of subject-matter jurisdiction until after it resolves the motion to dismiss, because "[i]f that motion is granted, complete diversity will be restored." (Docket Entry No. 44).

District courts have discretion about the order in which to address personal and subject-matter jurisdiction.

> [W]e recognize that in most instances subject-matter jurisdiction will involve no arduous inquiry. *See Marathon Oil v. Ruhrgas*, 145 F.3d 211, 229 (5th Cir. 1999) (en banc) (Higginbotham, J., dissenting) ("engag[ing]" subject-matter jurisdiction "at the outset of a case . . . [is] often . . . the most efficient way of going"). In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first. *See Cantor Fitzgerald, L.p. v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996) (a court disposing of a case on personal jurisdiction grounds "should be convinced that the challenge to the court's subject-matter jurisdiction is not easily resolved").

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1999). The Supreme Court has held that "there is no mandatory 'sequencing of jurisdictional issues,'" and that a federal court has "leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malay Int'l Shipping*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas*, 526 U.S. at 584).

"[N]either *Ruhrgas* nor *Sinochem* change the general expectation that federal courts address subject-matter jurisdiction at the outset in the 'mine run of cases' and reach other issues first only where the jurisdictional issue is 'difficult to determine' and the other grounds are relatively 'less burdensome.'" *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018). "[A]lthough federal courts normally must resolve questions of subject-matter jurisdiction before reaching other threshold issues, this rule is subject to the qualification that courts facing multiple grounds for dismissal should consider 'the complexity and subject-matter jurisdiction issues raised by the case, as well as concerns of federalism, and of judicial economy and restraint in determining whether to dismiss claims due to a lack of personal jurisdiction before considering challenges to its subject-matter jurisdiction.'" *Id.* (quoting *Alpine View Co. Ltd. v. Atlas Coco AB*, 205 F.3d 208, 213 (5th Cir. 2000)).

Deciding whether the court has subject-matter jurisdiction does not require an "arduous inquiry" because the plaintiff and the LLC defendants are Texas citizens. *Ruhrgas*, 526 U.S. at 587. Nor do the parties dispute that the LLC defendants are Texas citizens for jurisdictional purposes. Because subject-matter jurisdiction is not "difficult to determine," this case falls within the "general expectation" that federal courts address subject-matter jurisdiction first in the "mine run of cases." *Sangha*, 882 F.3d at 100. The "complexity of [the] subject-matter jurisdiction issues raised by the case" and "concerns of federalism and of judicial economy and restraint" also weigh in favor of

addressing subject-matter jurisdiction before considering the personal-jurisdiction arguments. *Sangha*, 882 F.3d at 100.

The court lacks subject-matter jurisdiction. The motion for reconsideration, (Docket Entry No. 44), is denied.

SIGNED on July 30, 2018, at Houston, Texas.

                                                                    Lee H. Rosenthal
                                          Chief United States District Judge